## WILLIAM O. EICHELBERGER vs. RICHARD S. HARDESTY.

The Act of 1826, ch. 192, relating to mortgages in the city and county of Baltimore, has not been repealed by the adoption of the present Constitution; it is still in force, and the Superior Court of Baltimore city has jurisdiction thereunder in case the mortgaged property is in that city.

APPEAL from the Superior Court of Baltimore City.

This was a proceeding in the court below for the sale of mortgaged property under the Act of 1826, ch. 192. The mortgage was executed by the appellant to the appellee on the 26th of November 1856, and the property was situated in the city of Baltimore. Several exceptions to the ratification of the sale were filed by the mortgagor, but the only one relied on denied the jurisdiction of the Superior Court to proceed under this Act. The court (LEE, J.) overruled the exceptions, and ratified the sale, and from this order the mortgagor appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON, TUCK and BARTOL, J.

*Wm. A. Stewart*, for the appellant, insisted that the Act of 1826, ch. 192, does not now operate in the city of Baltimore:

2nd. Because the application of this Act to mortgages in Baltimore city expired with Baltimore county court, or, in

Eichelberger *vs.* Hardesty.

other words, it was not transferred to the Superior Court, the powers of which are thus defined in sec. 11 of Art. 4 of the Constitution: "The said court shall have jurisdiction as a court of equity within the limits of said city, and *in all other civil cases* which have not been heretofore assigned to the Court of Common Pleas."

3rd. The following questions in connection with this matter, arise under this section of the Constitution. Is this a case in equity? If so, then the equity powers conferred on the Superior Court are those formerly possessed by the Chancellor, (Act of 1852, ch. 16.) and the Chancellor never had jurisdiction under the Act of 1826, ch. 192, under which the sale in this case was made. If special equity powers, they must be conferred by Act of Assembly, as in the case of decrees under the Act of 1833, ch. 181, which are conferred on the Superior Court by the Act of 1852, ch. 198. In neither case can the Superior Court act upon the matter as a court of equity, although these proceedings appear by the record to be on the equity side of that court.

4th. If not a case in equity, is this a civil case contemplated by the Constitution? The Constitution, taking it in the common sense view in which it was understood by the people who adopted it, could not mean by a civil case, an *ex parte* proceeding, or a special limited power. It meant to confer jurisdiction in such cases as replevin, ejectment, *mandamus,* &c., and the clerk of the court was given charge of law and equity dockets, (Art. 4, sec. 15,) and not of such matters as that now before the court. The words, "cases in law and equity," are used in Art. 3, sec. 2, of the Constitution of the United States, and the word "case," has received an interpretation by the Supreme Court in 9 *Wheat.,* 819. The legislative interpretation of the words, "civil suit or action," may be found in the Acts of 1852, chs. 76, 169, 177, 336. See, also, 4 *Gill,* 301, *Bell vs. The State; 5 Gill,* 88, *Williams vs. Williams.* The only reason why the mortgagee should pursue the Act of 1826, instead of that of 1833, is because under the latter, it is required that he

should make oath of the amount due and remaining unpaid before the sale, and an opportunity is offered to the mortgagor to redeem his property by tendering the sum actually due.  5 *Md. Rep.*, 161, *Gatchell vs. Presstman.*

5th.  If the Superior Court had no authority to act in this matter, this court will review its action and reserve the same. 9 *Gill*, 92, *Webster vs. Cockey.*  5 *Md. Rep.*, 17, *State vs. Mister.  Ibid.*, 350, *State vs. Mace.*

*Cornelius McLean* for the appellee:

1st.  It seems to be thought by the counsel for the appellant, that because the Act of 1826 speaks throughout of the county court, there was no equity jurisdiction conferred.  But if the jurisdiction be of an equity nature, it must go according to its nature, to the law or equity side of the court.  On this ground, therefore, the decision below ought to be affirmed.

2nd.  But whether the jurisdiction given by that Act be common law or equitable, still it belongs to the Superior Court, under sec. 11, Art. 4, of the Constitution.  In speaking of the Superior Court, this language is used: "*The said court shall also have jurisdiction as a court of equity within the limits of the said city, and in all other civil cases which have not been heretofore assigned to the court of Common Pleas.*"  The jurisdiction of the court of Common Pleas certainly does not embrace cases like the present, and they must, therefore, be settled in the Superior Court.  14 *Md. Rep.*, 69, *Gayle & wife vs. Fattle.*

LE GRAND, C. J., delivered the opinion of this court.

The only objection urged to the order of the Superior Court, from which this appeal is taken, is, that the Act of 1826, chapter 192, has been repealed by the adoption of the present Constitution of the State, it being supposed that inasmuch as that instrument separates the city from the county of Baltimore, and abolishes "*Baltimore county court*," there is no tribunal to execute it.  Without assigning other reasons why this view is not tenable, we content ourselves by a refer-

ence to the case of *Gayle & wife vs. Fattle*, 14 *Md. Rep.*, 69, and the cases in the matter of the sale of the property of Robert Howard, decided at this term, (*Ante*, 529,) as recognizing the continued existence of the Act. We therefore affirm the order of the Superior Court.

*Order affirmed, with costs, and cause remanded*
*for further proceedings.*

(Decided May 16th, 1860.)